**FARUQI & FARUQI, LLP**
Benjamin Heikali (State Bar No. 307466)
Email: *bheikali@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
Email: *rglezakos@faruqilaw.com*
Joshua Nassir (State Bar No. 318344)
Email: *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff and the Proposed Classes*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIS GOVEA, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GRUMA CORPORATION, <br><br> Defendant. | CASE NO.:  2:20-cv-08585 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1   Plaintiff Iris Govea ("Plaintiff") by and through Plaintiff's undersigned
2   counsel, bring this Class Action Complaint against Gruma Corporation
3   ("Defendant"), on behalf of herself and all others similarly situated, and allege upon
4   personal knowledge as to her own actions, and upon information and belief as to
5   counsel's investigations and all other matters, as follows:

6   **NATURE OF THE ACTION**

7   1.    Plaintiff brings this consumer protection and false advertising class
8   action lawsuit against Defendant, based on Defendant's misleading business
9   practices with respect to the sale of Guerrero products that contain the Mexican
10  Representations, as defined in Paragraph 16 *infra* ("Products").

11  2.    At all relevant times, Defendant has marketed and sold the Product
12  with labeling, packaging, and advertising that makes references to Mexico, and by
13  using Spanish words. The Product's labeling, packaging, and marketing led the
14  Plaintiff and other consumers to reasonably believe that they were purchasing
15  tortillas and other products that are made in Mexico.  Some examples of the
16  misleading packaging are below:

-1-

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





-3-

3.     In reality, the Products are not made in Mexico.

4.     Had Plaintiff and other consumers known that the Products were not made in Mexico, they would not have purchased the Products or would have paid significantly less for the Products.  Therefore, Plaintiff and other consumers have suffered injury in fact as a result of Defendant's deceptive practices.

5.     The Plaintiff brings this class action lawsuit on behalf of Plaintiff and all others similarly situated in the state of California.

6.     The Plaintiff, on behalf of Plaintiff and the other members of the Class, hereby seek damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

7.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed class and Defendant.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant sells its Products within this District and caused harm to class members residing in this District.  The Plaintiff purchased the Products within this District.

**PARTIES**

9.     Plaintiff Iris Govea is a citizen of California, residing in Whittier. Ms. Govea purchased packages of Guerrero tortillas numerous times during the last four years. In purchasing the Product, Ms. Govea saw and relied on the word "Mexico" on the front of the packaging.   Based on this representation, Ms. Govea believed she was purchasing a package of tortillas made in Mexico. However, unbeknownst to Ms. Govea, the Product purchased were not made in Mexico. Ms. Govea would not have purchased the Products or would have paid significantly less for the Product

-4-

CLASS ACTION COMPLAINT

had it been known by Plaintiff that the Product was not made in Mexico. Ms. Govea therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

10.    Despite being misled, Ms. Govea would likely purchase the Product in the future if the Product was in fact made in Mexico. While Ms. Govea currently believe the Products are not made in Mexico, she lack personal knowledge as to Defendant's specific business practices, leaving doubt in their minds as to the possibility in the future that some Products made by Defendant could be made in Mexico. This uncertainty, coupled with her desire to purchase the Products and the fact that she regularly visit stores which sell the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein. In addition, Class members will continue to purchase the Products, reasonably but incorrectly believing that they are made in Mexico, absent an injunction.

11.    Defendant Gruma Corporation maintains their principal place of business in Irving, Texas.

## FACTUAL ALLEGATIONS

12.    Tortillas are a staple in Mexican cuisine. These thin, unleavened flatbreads are typically made from either corn maize or flour, and they're used in a variety of ways.[1]

13.    According to legend, tortillas were invented by a Mayan peasant for his hungry king. The first recorded use of tortillas dates to roughly 10,000 BC, and were made from corn. And when the Spanish arrived, they discovered native inhabitants

---

[1] *See* Hartley, Alto *A Brief History of the Tortilla*, February 16, 2018 available at https://altohartley.com/a-brief-history-of-the-tortilla/#:~:text=According%20to %20legend%2C%20tortillas%20were,some%20sort%20of%20maize%20bread.

CLASS ACTION COMPLAINT

like the Aztecs and others all ate some sort of maize bread.[2]

14.    Tortillas are not only considered the national bread of Mexico, but are "increasing in popularity throughout the world," with most of the tortillas in the world being produced in Mexico.[3]

15.    At all relevant times pertaining to the complaint, the Products was sold across California and the United States at grocery chains, and other retailers.

16.    The packaging of the Products, regardless of the size or variety (*e.g.* soft tortilla or white corn, tostadas, etc.) all contain the same misleading representations regarding the origin of the Products.  Specifically, the Products all contain the word, "GUERRERO," the Products' brand name, on the front and center of the packaging. "Guerrero" translates to "Warrior" in Spanish and is a geographical state in Mexico. The Products all further contain the phrase, "Un pedacito de México," which translates to "A piece of Mexico." The Products also contain the Spanish phrase "Calidad Y Frescura," which translates to "Freshness and Quality." The Products also each contain a Spanish description of the product (e.g., Tortillas de Maize Blanco, or White Corn Tortillas) (collectively, the "Mexican Representations").

Examples of the misleading packaging include, but are not limited to, the following:

---

[2] *Id.*
[3] L.W.    Rooney,    *et al.*,    *Grain-Based    Products    and    Their    Processing*, https://www.sciencedirect.com/topics/food-science/tortilla#:~:text=Mexico%20accounts%20for%2042%25%20of,in%20Mexico%20and%20Central%20America. (last visited September 18, 2020).

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



-7-

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





-8-

CLASS ACTION COMPLAINT

17.   The Products' labeling, packaging, and marketing are misleading to reasonable consumers, including Plaintiff and other Class members, and only serves the profit-maximizing interests of Defendant.

18.   Defendant deceptively labeled and packaged the Product to target consumers who are interested in purchasing tortillas and other products from Mexico.

19.   As the entity responsible for the development, manufacturing, packaging, advertising, distribution, and sale of the Products, Defendant knew or should have known that each of the Products falsely and deceptively misrepresents that the Products are made in Mexico.

20.   Defendant knows, knew or should have known, that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising of the Product in purchasing the Product, and would reasonably believe that the Products were made in Mexico, because of the Mexican Representations.

21.   Because the Products are not made in Mexico as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Products was and continues to be misleading and deceptive.

22.   Each consumer has been exposed to the same or substantially similar deceptive practices because: 1) each Product contains the Mexican Representations; and 2) each Product is not made in Mexico.

23.    Plaintiff and other consumers have paid an unlawful premium for the Product.  Plaintiff and other consumers would have paid significantly less for the Product had they known that the Product was not made in Mexico.  In the alternative, Plaintiff and other consumers would not have purchased the Products at all had they known that the Products were not made in Mexico. Therefore, Plaintiff and other consumers purchasing the Product suffered injury in fact and lost money as a result

-9-

1    of Defendant's false, unfair, and fraudulent practices, as described herein.

2        24.    As a result of its misleading business practices, and the harm caused to

3    Plaintiff and other consumers, Defendant should be enjoined from deceptively

4    representing that the Products are made in Mexico.  Furthermore, Defendant should

5    be required to pay for all damages caused to misled consumers, including Plaintiff.

6                          **CLASS ACTION ALLEGATIONS**

7        25.    Plaintiff brings this case as a class action that may be properly

8    maintained pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and

9    all California citizens who, within the relevant statute of limitations periods,

10   purchased any of the Products ("California Subclass").

11       26.    Plaintiff also seeks to represent a subclass defined all California citizens

12   who within the relevant statute of limitations periods, purchased for personal, family,

13   or household purposes any of the Products ("California Consumer Subclass").

14       27.    Excluded from the Classes are: (a) Defendant, Defendant's board

15   members, executive-level officers, and attorneys, and immediately family members

16   of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's

17   immediate family, and the Court staff; and (d) any person that timely and properly

18   excludes himself or herself from the Class in accordance with Court-approved

19   procedures.

20       28.    Plaintiff is a member of the California Subclass and California

21   Consumer Subclass.

22       29.    Plaintiff reserves the right to alter the Class definitions as Plaintiff

23   deems necessary at any time to the full extent that the Federal Rules of Civil

24   Procedure, the Local Rules of this District, and applicable precedent allow.

25       30.    Certification of Plaintiff's claim for class-wide treatment is appropriate

26   because Plaintiff can prove the elements of the claim on a class-wide basis using the

27   same evidence as individual Class members would use to prove those elements in

28

individual actions alleging the same claims.

31.    <u>Numerosity; Rule 23(a)(1)</u>: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands, if not hundreds of thousands, of Class members.

32.    <u>Existence and Predominance of Common Questions of Law and Fact; Rule 23(a)(2), (b)(3)</u>: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

33.    All Class members were exposed to Defendant's deceptive advertising and marketing representations indicating that the Products were made in Mexico, when in fact the Products were not made in Mexico.

34.    Furthermore, common legal and factual questions include but are not limited to:

a.    whether Defendant engaged in the course of conduct alleged herein;

b.    whether Defendant's conduct is likely to deceive a reasonable consumer;

c.    whether Defendant's conduct constitutes an unfair or deceptive act or practice;

d.    whether Defendant violated the consumer protection statutes set forth below;

e.    whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

f.    whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable

-11-

CLASS ACTION COMPLAINT

restitution.

35.     Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

36.     Typicality; Rule 23(a)(3): Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein; all Class members were subject to Defendant's false, misleading, and unfair advertising and marketing practices and representations, including the false and misleading representations indicating that the Products were made in Mexico when, in fact, they were not made in Mexico; and Plaintiff seeks the same relief as the Class members.

37.     Furthermore, there are no defenses available to Defendant that are unique to Plaintiff.

38.     Adequacy of Representation; Rule 23(a)(4): Plaintiff is a fair and adequate representative of the Class because Plaintiff's interest does not conflict with the Class members' interests.

39.     Plaintiff has selected competent counsel that are experienced in class action and other complex litigation.

40.     Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously and have the resources to do so.

41.     Injunctive or Declaratory Relief; Rule 23(b)(2): The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted

-12-

CLASS ACTION COMPLAINT

or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42.    <u>Superiority; Rule 23(b)(3)</u>: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

a.    The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

b.    Further, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

d.    The prosecution of separate actions by individual Class members

-13-

CLASS ACTION COMPLAINT

would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

43.    <u>Notice</u>: Plaintiff's counsel anticipate that notice to the proposed Class will be effectuated through Court-approved notice dissemination methods, which may include mail, Internet postings, and/or published notice.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq*.**
**(*for the California Consumer Subclass*)**

44.    Plaintiff repeats Paragraphs 1-43 above as if fully set forth herein.

45.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

46.    The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

47.    Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the source of the Product is Mexico, when it is not.  Therefore, Defendant has violated section 1770(a)(2) of the CLRA.

48.    Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services." By marketing the Product with its current labels, packaging, and advertisements, Defendant has used deceptive representations and designations of the Product's

-14-

CLASS ACTION COMPLAINT

geographical origin (Mexico).  Therefore, Defendant has violated section 1770(a)(4) of the CLRA.

49.   Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Product has characteristics (that it is made in Mexico) when it does not have such characteristics.  Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

50.   Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Product is of a particular style (that it is made in Mexico) when it is of another (it is not made in Mexico). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

51.   Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By labeling, packaging, and marketing the Product with references to Mexico so that a reasonable consumer would believe that the Product was made in Mexico, and then intentionally not selling the Product as made in Mexico, Defendant has violated section 1770(a)(9) of the CLRA.

52.   At all relevant times, Defendant has known or reasonably should have known that the Product was not made in Mexico, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the labeling in purchasing the Product.

53.   Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct

-15-

CLASS ACTION COMPLAINT

when purchasing the Product.   Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

54.    Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Product or would have paid significantly less for the Product had they known that Defendant's conduct was misleading and fraudulent.

55.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

56.    Pursuant to Cal. Civ. Code § 1782, on August 7, 2020, counsel mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on August 12, 2020. The CLRA demand letter to Defendant that provided notice of Defendant's violation of the CLRA demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA. Defendant failed to comply with the letter.

57.    Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received both the notice and demand letters, Plaintiff timely filed her complaint against Defendant.

## SECOND CLAIM
### Violation of California's False Advertising Law
### CAL. BUS. & PROF. CODE § 17500 *et seq.*
### (*for the California Subclass*)

58.    Plaintiff repeats Paragraphs 1-43 above as if fully set forth herein.

-16-

59.     Plaintiff brings this claim on behalf of the California Subclass for violation of California's False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* (the "FAL").

60.     The FAL prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

61.     As detailed above, Defendant's marketing and sale of the Products to Plaintiff and other members of the California Subclass was likely to deceive a reasonable consumer because Defendant's representations were likely to lead a reasonable consumer to believe the Products were made in Mexico, when in fact the Products were not made in Mexico.

62.     In reliance on Defendant's false and misleading representations indicating the Products were made in Mexico, Plaintiff and the other members of the California Subclass purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the California Subclass.

63.     Defendant knew or should have known that its labeling and marketing of the Products was likely to deceive a reasonable consumer.

64.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.   Otherwise, Plaintiff and members of the California Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

CLASS ACTION COMPLAINT

### THIRD CLAIM
**Violation of California's Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200 *et seq.***
**(*for the California Subclass*)**

65.     Plaintiff repeats Paragraphs 1-43 above as if fully set forth herein.

66.     Plaintiff brings this claim against Defendant on behalf of the California Subclass for violation of the "unlawful," "unfair," and "fraudulent" prongs of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* (the "UCL").

67.     The circumstances giving rise to the allegations of Plaintiff and the members of the California Subclass include Defendant's corporate policies regarding the marketing, sale, and provision of the Products.

68.     The UCL prohibits "unfair competition," which it defines to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." CAL. BUS. & PROF. CODE § 17200.

69.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

70.     As detailed herein, Defendant's acts, misrepresentations, omissions, and practices violate the FAL and the CLRA. On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL.

71.     As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Subclass.

72.     Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts of practices are outweighed by the gravity of the harm to the alleged victims.

-18-

73.     Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who purchased the Products and were deceived by Defendant's misrepresentations. Deceiving consumers about the geographical origin of the Products is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair."

74.     As a result of Defendant's unfair business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Subclass.

75.     Second, Defendant committed "unlawful," "unfair," and/or "fraudulent" business acts or practices by, among other things, engaging in conduct Defendant knew or should have known was likely to and did deceive reasonable consumers, including Plaintiff and the members of the California Subclass.

In reliance on Defendant's false and misleading representations indicating the Products were made in Mexico, Plaintiff and the other members of the California Subclass purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the California Subclass.

76.     Defendant knew or should have known that its labeling and marketing of the Products was likely to deceive a reasonable consumer.

77.     Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of the California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of the California Subclass, may be irreparably harmed and/or denied an effective and

-19-

CLASS ACTION COMPLAINT

1  complete remedy if such an order is not granted.

2

3              **FOURTH CLAIM FOR RELIEF**
4               **Breach of Implied Warranty**
               **California Commercial Code § 2314**
5                 (*for the California Subclass*)

6      78.    Plaintiff repeats Paragraphs 1-43 above as if fully set forth herein.

7      79.    Plaintiff brings this claim individually and on behalf of the members of

8  the proposed California Subclass.

9      80.    California's implied warranty of merchantability statute provides that

10 "a warranty that the goods shall be merchantable is implied in a contract for their

11 sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code

12 § 2314(1).

13     81.    California's implied warranty of merchantability statute also provides

14 that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the

15 promises or affirmations of fact made on the container or label if any."  Cal. Com.

16 Code § 2314(2)(f).

17     82.    Defendant is a merchant with respect to the sale of Products. Therefore,

18 a warranty of merchantability is implied in every contract for sale of the Products to

19 California consumers.

20     83.    By advertising the Products with their current packaging, Defendant

21 made an implied promise that the Products are made in Mexico. The Products have

22 not "conformed to the promises…made on the container or label" because they are

23 not made in Mexico. Plaintiff, as well as consumers, did not receive the goods as

24 impliedly warranted by Defendant to be merchantable.

25     84.    Therefore, the Products are not merchantable under California law and

26 Defendant has breached its implied warranty of merchantability in regard to the

27 Products.

28

-20-

CLASS ACTION COMPLAINT

85.     If Plaintiff and members of the California Subclass had known that the Products were not made in Mexico, they would not have been willing to pay the premium price associated with them or would not have purchased them at all. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Subclass have suffered injury and deserve to recover all damages afforded under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully requests the Court to enter an Order:

A.     certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.     declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.     declaring that Defendant has committed the violations of law alleged herein;

D.     providing for any and all injunctive relief the Court deems appropriate;

E.     awarding statutory damages in the maximum amount for which the law provides;

F.     awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.     providing for any and all equitable monetary relief the Court deems appropriate;

H.     awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.     awarding Plaintiff reasonable costs and expenses of suit, including attorneys' fees;

-21-

CLASS ACTION COMPLAINT

1    J.    awarding pre- and post-judgment interest to the extent the law allows;

2    and providing such further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

Date: September 18, 2020                Respectfully submitted,

*/s/ Benjamin Heikali*

**FARUQI & FARUQI, LLP**
Benjamin Heikali (State Bar No. 307466)
*bheikali@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
Email:  *rglezakos@faruqilaw.com*
Joshua Nassir (State Bar No. 318344)
Email:  *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff*
*and the Proposed Classes*

-22-

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 67588CD7-8E8B-4031-B397-2AFC3E1A9838

## **CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Iris Govea, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because the transaction giving rise to my claims, my purchase of the product at issue, occurred in this District.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on _____ at Los Angeles, California.

9/17/2020 | 2:32 PM PDT



_____
Iris Govea