UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  CV 20-8585-MWF (JCx)                     **Date:**  March 1, 2021
**Title:**      Iris Govea et al. v. Gruma Corporation

**Present:**   <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

        Deputy Clerk:                                    Court Reporter:
        Rita Sanchez                                       Not Reported

        Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
        None Present                                      None Present

**Proceedings (In Chambers):**     ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [23]

Before the Court is Defendant Gruma Corporations's Motion to Dismiss Second Amended Complaint (the "Motion"), filed on December 23, 2020. (Docket No. 23). Plaintiffs Iris Govea and Oscar Medina filed an opposition on January 25, 2021. (Docket No. 25). Defendant filed a reply on February 18, 2021. (Docket No. 27).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on March 1, 2021, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion is **GRANTED** *with leave to amend*. The Court concludes that Defendant's packaging would not mislead a reasonable consumer into believing that the Guerrero Tortillas are produced in Mexico. Although the Court is dubious that additional allegations in the form of survey evidence will save Plaintiffs' claims, Plaintiffs are granted leave to amend because the Court cannot definitively conclude that amendment would be futile.

**I.    BACKGROUND**

Plaintiffs commenced this putative class action on September 18, 2020, against Defendant Gruma Corporation. (*See* Complaint (Docket No. 1)). Pursuant to stipulation, Plaintiffs filed their First Amended Complaint ("FAC") on October 19, 2020. (Docket No. 10). Also pursuant to stipulation, Plaintiffs filed their Second Amended Complaint ("SAC") on December 4, 2020. (Docket No. 17).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-8585-MWF (JCx)          **Date:** March 1, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

      The SAC contains the following allegations, which the Court takes as true, construing any inferences arising from those facts in the light most favorable to Plaintiff. *See Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

      Throughout 2019 and 2020, Plaintiffs purchased various Guerrero brand tortillas (the "Tortillas") at several grocery stores in California. (SAC ¶¶ 1, 9, 10). Defendant developed, manufactured, packaged, marketed, advertised, distributed, and sold the Tortillas. (*Id.* ¶ 20).

      In purchasing the Tortillas, Plaintiffs saw and relied on the word "Guerrero" — the Tortillas' brand name — and the Spanish phrases on the Tortillas' packaging (the "Packaging"), which included: "Un pedacito de México" and "Calidad Y Frescura." (*Id.* ¶¶ 9, 10). Guerrero translates to "warrior" in Spanish and is the name of a state in Mexico. (*Id.* ¶ 17). "Un pedacito de México" translates to "a piece of Mexico," and "calidad y frescura" translates to "quality and freshness." (*Id.*). Plaintiffs also saw and relied on the Spanish descriptions of the Products they purchased ("Tortillas De Maiz Blanco," "Riquisimas Tortillas De Harina," and "Tortillas De Harina Integral"). (*Id.* ¶¶ 9, 10).

      Based on these representations, Plaintiffs believed that they were purchasing tortillas made in Mexico. (*Id.*). However, unbeknownst to Plaintiffs, the Tortillas purchased were not made in Mexico. (*Id.*). Plaintiffs would not have purchased the Tortillas, or would have paid significantly less for the Tortillas, had they known that the Tortillas were not made in Mexico. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.  CV 20-8585-MWF (JCx)**                **Date:  March 1, 2021**
**Title:       Iris Govea et al. v. Gruma Corporation**





UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-8585-MWF (JCx)          **Date:** March 1, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation





(*Id.* ¶ 17).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8585-MWF (JCx) | Date:  March 1, 2021 |
| Title:      Iris Govea et al. v. Gruma Corporation | |

Plaintiffs assert four claims for relief:  (1) violation of California's Consumers Legal Remedies Act ("CLRA"); (2) violation of California's False Advertising Law ("FAL"); (3) violation of California's Unfair Competition Law ("UCL"); and (4) breach of implied warranty.  (*Id.* ¶¶ 45-87).

Plaintiffs stipulate to dismissal of their fourth claim for breach of implied warranty.  (Opposition at 26).  The Motion with respect to Plaintiffs' breach of implied warranty is therefore **GRANTED**.

## II.    LEGAL STANDARD

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

Where the moving party makes a factual challenge by presenting evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citation and internal quotation marks omitted).  In resolving the jurisdictional issue, the court does not accept the allegations in the complaint as true.  *Safe Air for Everyone*, 373 F.3d at 1039.  "[The court] may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits."  *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) (citation omitted).

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-8585-MWF (JCx)          **Date:** March 1, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

     The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

     Fraud-based allegations are governed by Rule 9(b). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge[.]" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). Under Rule 9(b), fraud allegations must include the "time, place, and specific content of the false representations as well as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-8585-MWF (JCx)                      Date:  March 1, 2021
Title:     Iris Govea et al. v. Gruma Corporation

identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106.  Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*  (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

## III.  DISCUSSION

### A.  Reasonable Consumer Standard

Defendant argues that Plaintiffs' UCL, FAL, and CLRA claims fail because there are no misrepresentations on the Packaging that would mislead a reasonable consumer to believe that the Tortillas were made in Mexico.  (Motion at 7-18).

False advertisement laws prohibit "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951, 119 Cal. Rptr. 2d 296 (2002)).

Whether a business practice is deceptive or misleading under the UCL, FAL, and CLRA "is governed by the 'reasonable consumer' test." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (citing *Williams*, 552 F.3d at 938).  A plaintiff "must show that members of the public are likely to be deceived[,]" which "requires more than a mere possibility that [a defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* (citation and internal alterations omitted).  "Rather, the reasonable consumer standard requires a probability that a significant portion of ***the general consuming public*** or of ***targeted consumers***, acting reasonably in the circumstances, could be misled." *Id.* (citation omitted) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-8585-MWF (JCx)          **Date:** March 1, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

      The reasonable consumer standard raises questions of fact that are appropriate for resolution on a motion to dismiss only in "rare situation[s]." *Williams*, 552 F.3d at 939. However, "[i]f a claim of misleading labeling runs counter to ordinary common sense or the obvious nature of the product, the claim is fit for disposition at the [motion to dismiss] stage of the litigation." *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1165, 237 Cal. Rptr. 3d 683 (2018).

      The key issue here is whether Defendant markets and packages the Tortillas in such a manner that a reasonable consumer in the group of targeted consumers would believe that they are made in Mexico, when they, in fact, are not.

      Several district courts have grappled with the issue of when such practices cross the line from merely employing creative marketing techniques to committing plausibly actionable conduct under consumer protection statutes. The rule that emerges from these cases is that the language or imagery of a product's packaging is actionable if it falsely indicates a specific place that the product is purportedly made. *See Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953, 972 (D. Haw. 2019) (applying California consumer protection laws).

      For example, courts have determined that statements like "Originated in Germany," "Born in Brazil," and "Belgium 1926" were sufficiently false and misleading statements of origin where the products at issue were not made in those countries and lacked a visible origin disclaimer. *See Marty v. Anheuser-Busch Companies, LLC*, 43 F. Supp. 3d 1333, 1340 (S.D. Fla. 2014) (statements "Originated in Germany," "German Quality," and "Brewed Under the German Purity Law of 1516" on beer cartons were sufficiently misleading to survive motion to dismiss where origin disclaimer was not visible to the consumer at the time of purchase); *Wasser v. All Mkt., Inc.*, No. 16-21238-CIV, 2017 WL 11139701, at *5 (S.D. Fla. Nov. 13, 2017) (statement "Born in Brazil" on Vita Coco water packaging, viewed in context with its website and marking campaign about Brazilian coconut water, was sufficiently misleading to survive motion to dismiss where origin disclaimer was completely covered by bulk packaging and on the side of the individual container in small font); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 467 (S.D.N.Y. 2020) (statement "Belgium 1926" on chocolates package, viewed in context with its

---

**CIVIL MINUTES—GENERAL**                           8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 20-8585-MWF (JCx) | **Date:** | March 1, 2021 |
| **Title:** | Iris Govea et al. v. Gruma Corporation | | |

description of the chocolates as "Belgian," and its lack of any express origin disclaimer on label, was sufficiently misleading to survive motion to dismiss).

Courts have also held that packaging is sufficiently deceptive where it invites consumers to visit the product's purported place or address of production, like a specific brewery or farm, but the product is not actually made in that location. *See Broomfield v. Craft Brew Alliance, Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453, at *6 (N.D. Cal. Sept. 1, 2017) (beer variety pack with Hawaiian address, image of a map of Hawaii identifying the company's brewery on the Big Island, and statement "[w]e invite you to visit our brewery and pubs whenever you are in Hawaii" could deceive reasonable consumers into believing that all beers in the variety pack were brewed in Hawaii); *Reed v. Gen. Mills, Inc.*, No. C19-0005-JCC, 2019 WL 2475706, at *5 (W.D. Wash. June 13, 2019) (products with brand name "Cascadian Farm," and packaging with a picturesque farm background and an emblem marked "Skagit Valley, WA," "visit our home farm," and "since 1972," could lead reasonable consumers to believe that the products were made on a small farm in Washington).

In contrast, if the packaging merely evokes the spirit of a generalized location or culture in a vague and non-specific manner, such claims are properly dismissed at the 12(b)(6) stage. *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675 (E.D.N.Y. 2017) (dismissing deceptive advertising claim where Foster's beer packaging and advertising campaign referred to the beer as an "Australian beer brand," displayed images of Australia, kangaroos, and rugby players, referred to the beer's roots and history in Australia, and contained phrases like "How to Speak Australian" because the beer labels contained a production disclaimer); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390-92 (E.D.N.Y. 2017) (dismissing deceptive advertising claim and holding that no reasonable consumer would believe that Sapporo beer was brewed in Japan, despite the use of Japanese imagery, trademarked North Star symbol representing Japan, and the word "imported" on the label, where the label also included a disclosure, in small font, of the beer's Canadian origin); *Dumas v. Diageo PLC*, No. 15CV1681 BTM(BLM), 2016 WL 1367511, at *3 (S.D. Cal. Apr. 6, 2016) (dismissing deceptive advertising claim and holding that no reasonable consumer could be misled about the origin of Red Stripe beer where it used "vague and meaningless" phrases like

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-8585-MWF (JCx)          **Date:** March 1, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

"The Taste of Jamaica" and "For over 80 years . . . Red Stripe has embodied the spirit, rhythm, and pulse of Jamaica and its people," and its label disclosed its Pennsylvania origin); *Maeda*, 407 F. Supp. 3d at 972 (explaining that the products' mere evocation of Hawaii, through use of the word "Hawaiian," names like "Luau Barbeque Rings" and "Sweet Maui Onion Rings," and Hawaiian imagery like hula dancers and volcanos, was insufficient to state a claim under California's deceptive advertising statutes).

      Unlike the packaging and advertising campaigns in *Marty* and *Wasser*, the Packaging here makes no claim that the Tortillas are "born in" or "originated in" Mexico. Although the Packaging does evoke Mexico by its use of the statement "un pedacito de México," this is "a vague and meaningless phrase" that is meant to "evoke the spirit or feeling of [Mexico]." *Dumas*, 2016 WL 1367511, at *4 (referring to Red Stripe's use of the phrase "The Taste of Jamaica"). Just as the *Dumas* court noted with respect to the phrase "The Taste of Jamaica," likewise here, who can say what "a piece of Mexico" actually means? *See id.*

      Unlike the reference to "Belgium" chocolates in *Hesse*, nowhere does the Packaging expressly describe the Tortillas as "Mexican" tortillas. Further, all of the Packaging states that the Gruma Corporation is based in Irving, Texas, and at least some of the Packaging also explains that the Tortillas are "[l]ocally baked and delivered fresh from your Guerrero Bakery." (*See* Declaration of Bobby Sanchez ("Sanchez Decl."), Exs. A-1, A-2, A-3, A-4 (Docket No. 23-2 through 23-5)).

      And unlike in *Reed* and *Broomfield*, the Packaging here names no specific address, city, or location in Mexico where the Tortillas are purportedly baked and does not invite consumers to visit Defendant's bakery in this location.

      In *Broomfield*, the court stated that if the complaint had "solely alleged pictures of surfboards and the vague phrase 'Liquid Aloha' on the beer packaging, the case would end there[,]" explaining that "merely referencing Hawaii and its culture on the packaging is not enough on its own to confuse a reasonable consumer regarding the origin of the beer." 2017 WL 3838453, at *6. That is essentially what is present in the SAC here. The Packaging evokes Mexico through use of the phrase "un pedacito de

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-8585-MWF (JCx)          **Date:** March 1, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

---

México" but includes no additional representations — like an address or an invitation to visit a purported bakery in Mexico — that could deceive a reasonable consumer into believing that the Tortillas were actually baked in Mexico.

Plaintiffs' reliance on *Shalikar v. Asahi Beer U.S.A., Inc.* is unavailing. CV 17-2713-JAK (JPRx), 2017 WL 9362139, at *7 (C.D. Cal. Oct. 16, 2017) (holding that reasonable consumers could be misled into believing that Asahi beer is produced in Japan because the name "Asahi" means "morning sun" in Japanese and the packaging contained statements describing the beer's flavor in Japanese Katakana script and Kanji characters).

In addition to evaluating the impression created by the beer's packaging, the *Asahi* court also took note of allegations in the complaint deriving from survey evidence that more than 85% of a "demographically representative U.S. sample of over 1,000 adults" who viewed the beer or its packaging believed that it was produced in Japan. *Id.* at *8. No comparable allegations are present in the SAC.

Moreover, *Asahi* is not binding on this Court. The *Asahi* decision reflected that court's overall impression of the beer's label in the context of the complaint's other allegations, including the survey evidence. Here, viewing the Packaging as a whole, it is simply not plausible that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *See Moore*, 966 F.3d at 1017. The mere fact that the Packaging includes words in Spanish, including the vague and meaningless phrase "a piece of Mexico," is insufficient to support Plaintiffs' claims. The Packaging would not likely deceive a significant portion of the general public into believing that the Tortillas are manufactured in Mexico. *See Maeda*, 407 F. Supp. 3d at 972.

Accordingly, the Motion with respect to Plaintiffs' UCL, FAL, and CLRA claims is **GRANTED**.

At the hearing, Plaintiffs asserted that they could augment their allegations by conducting a consumer survey specific to the Packaging, as the plaintiffs did in *Asahi*. Plaintiffs requested leave to amend the SAC to include the results of such a survey

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-8585-MWF (JCx)          **Date:** March 1, 2021

**Title:**      Iris Govea et al. v. Gruma Corporation

---

(assuming, of course, that the results are favorable to Plaintiffs' position). The Court cannot determine at this point whether such allegations would, in fact, alter the Court's overall impression of the Packaging. However, because it is not clear that amendment would be futile, Plaintiffs' request for leave to amend the SAC is **GRANTED**. Plaintiffs will have one more opportunity to add allegations deriving from survey evidence to demonstrate the plausibility of their claims.

### B. <u>Standing</u>

Defendant makes a variety of standing arguments, including challenging Plaintiffs' ability to bring claims as to particular products and their ability to seek injunctive relief. (Motion at 25-32). Because none of Defendant's arguments challenge the entire basis of this Court's subject-matter jurisdiction over the action (*i.e.*, Defendant does not challenge Plaintiff Medina's standing to seek monetary relief for Guerrero products that he personally purchased), and because the California consumer protection claims fail as a matter of law, the Court does not address Defendant's standing arguments.

### VI. <u>CONCLUSION</u>

For the reasons stated above, the Motion is **GRANTED** *with leave to amend*.

Plaintiffs must file their Third Amended Complaint ("TAC") on or before April 12, 2021. Failure to file the TAC on or before **April 12, 2021**, will result in dismissal of the action with prejudice. Defendant must respond to the TAC on or before **April 26, 2021**.

IT IS SO ORDERED.