UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.**  CV 20-8585-MWF (JCx)                **Date:**  August 18, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**         ORDER DENYING MOTION TO DISMISS
                                       THIRD AMENDED COMPLAINT [36]

Before the Court is Defendant Gruma Corporations' ("Gruma") Motion to Dismiss Third Amended Complaint (the "Motion"), filed on May 3, 2021. (Docket No. 36). Plaintiffs Iris Govea and Oscar Medina filed an opposition on May 26, 2021. (Docket No. 37). Defendant filed a reply on June 9, 2021. (Docket No. 39).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on July 19, 2021, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion is **DENIED**. Accepting the allegations as true and indulging every inference in favor of Plaintiffs, the Court cannot conclude at this juncture that no reasonable consumer would be misled by the representations on the tortillas' packaging. In addition, (1) the allegations meet the requirements of Rule 9(b), (2) Gruma was given adequate pre-suit notice, and (3) Plaintiffs have standing to pursue injunctive and monetary relief.

**I.     BACKGROUND**

On March 1, 2021, the Court issued an Order granting Gruma's motion to dismiss with leave to amend (the "Prior Order"). (Docket No. 31). The Court incorporates by reference the background section in the Prior Order as if set forth fully herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-8585-MWF (JCx)          **Date:** August 18, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

In the Prior Order, the Court determined that it was not plausible that a significant portion of the general consuming public could be misled by the Tortilla's packaging (the "Packaging") into believing that the Tortillas are manufactured in Mexico. (*Id.* at 11). However, at the hearing, Plaintiffs asserted that they could strengthen their allegations by conducting a consumer survey specific to the Packaging, as the plaintiffs did in *Shalikar v. Asahi Beer U.S.A., Inc.*, CV 17-2713-JAK (JPRx), 2017 WL 9362139, at *7 (C.D. Cal. Oct. 16, 2017). (*Id.*). Because it was not clear that amendment would be futile, the Court gave Plaintiffs another opportunity to add allegations deriving from survey evidence to demonstrate the plausibility of their claims. (*Id.* at 12).

Plaintiffs filed their Third Amended Complaint ("TAC") on April 12, 2021. (Docket No. 32). The TAC differs from the Second Amended Complaint ("SAC") in two principle respects. First, Plaintiffs now allege that "[u]n pedacito de México" translates to "a piece ***from*** Mexico," in addition to "a piece ***of*** Mexico." (*Compare* TAC ¶ 18 *with* SAC ¶ 18) (emphasis added). Second, attached to the TAC is the results of a third-party online survey conducted by a market research company (the "Survey"). (TAC, Ex. A). The Survey showed 401 participants the following image:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-8585-MWF (JCx)          **Date:** August 18, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation




(*Id.* at 13). The Survey then asked the following question: "Based on the label of the product, where do you believe the product is made?" (*Id.*). 70.1% of participants answered Mexico. (*Id.* at 14).

     Plaintiffs assert four claims for relief: (1) violation of California's Consumers Legal Remedies Act ("CLRA"); (2) violation of California's False Advertising Law ("FAL"); (3) violation of California's Unfair Competition Law ("UCL"); and (4) breach of implied warranty. (TAC ¶¶ 47-89).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| **Case No.** CV 20-8585-MWF (JCx) | **Date:** August 18, 2021 |
| **Title:** Iris Govea et al. v. Gruma Corporation | |

## II.  DISCUSSION

### A.  <u>Reasonable Consumer Standard</u>

Gruma argues that the new allegations in the TAC, including the Survey, do not render Plaintiffs' false advertising claims plausible. (Motion at 13). First, Gruma asserts that Plaintiffs' prior translation of "[u]n pedacito de México" as "a piece of Mexico" is a judicial admission that cannot be retracted. (*Id.* at 15-17). Second, Gruma challenges the results of the Survey on several grounds, including its failure to use open-ended questions and controls, and its failure to denote whether the participants actually zoomed in on the label or read any of its text. (*Id.* at 17-21).

The Court determines that Plaintiffs have demonstrated the plausibility of their false advertising allegations. Even if Gruma is correct that the Survey suffers from certain flaws, the Survey at least demonstrates that it would not be "***impossible*** for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (describing the limited circumstances in which courts may dismiss a false advertising claim at the Rule 12(b)(6) stage, given that "whether a business practice is deceptive will usually be a question of fact").

In addition, the Court is persuaded by the reasoning of *de Dios Rodriguez v. Ole Mexican Foods Inc.*, EDCV 20-2324-JGB (SPx), 2021 WL 1731604 (C.D. Cal. Apr. 22, 2021), a recent opinion in this District addressing the plausibility of false advertising claims where the plaintiff made very similar geographic origin allegations about tortillas' packaging. In *Rodriguez*, the plaintiff alleged that several representations on the tortillas' packaging would likely lead reasonable consumers to mistakenly believe that tortillas are made in Mexico:

> (a) the phrase "El Sabor de Mexico!" or "A Taste of Mexico!"; (b) a Mexican flag on the front and center of the packaging; (c) the brand name "La Banderita" (or "the flag"); (d) a circular logo with the Mexican flag and the word "Authentic"; and (e) Spanish words and phrases, such as "Sabrosísimas" or "Tortillas de Maiz."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 20-8585-MWF (JCx)          **Date:** August 18, 2021
**Title:**     Iris Govea et al. v. Gruma Corporation

*Id.*, at *3. Like Gruma, the defendant in *Rodriguez* argued that the packaging would not mislead a reasonable consumer because it (a) did not make any "specific geographic references" to Mexico, (b) "merely invokes the spirit of Mexico," and (c) "clearly discloses the city, state, and country of manufacture." *Id.*

The *Rodriguez* court denied the defendant's motion to dismiss, reasoning that "even if the representations at issue do in fact serve to 'evoke the spirit or feeling of Mexico,' . . . they may ***also*** mislead a reasonable consumer." *Id.* at *4 (internal alterations omitted) (emphasis in original) (citing *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 467 (S.D.N.Y. 2020) ("[A]n equally, if not more, plausible inference is that the phrase represents both the provenance of the company [ ] and a representation that its [Products] [are] manufactured there.")).

Gruma contends that *Rodriguez* is distinguishable because the packaging at issue in *Rodriguez* prominently displayed a logo with the Mexican flag "front and center," and directly above the word "Authentic," and "no comparable imagery" exists here. (Motion at 12). This argument misses the mark. Although the representations here are not identical to those in *Rodriguez*, the Packaging likewise evokes the spirit of Mexico, which, as the *Rodriguez* court pointed out, may ***also*** mislead a reasonable consumer about the Tortillas' geographic origin (a conclusion bolstered by the Survey results).

Accordingly, the Court cannot determine as a matter of law that the Packaging would not mislead a reasonable consumer. The asserted flaws in the Survey would be a matter for summary judgment or trial. The Motion as to this ground is therefore **DENIED**.

     **B.**    <u>**Rule 9(b)**</u>

Gruma argues that Plaintiffs' UCL, FAL, and CLRA allegations fail to comply with Federal Rule of Civil Procedure Rule 9(b) because they do not explain "how" the representations on the Packaging are false or misleading. (Motion at 25).

This argument is meritless. Plaintiffs have repeatedly asserted that the Packaging's reference to Mexico and inclusion of Spanish phrases and descriptions led

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-8585-MWF (JCx)                Date:  August 18, 2021
Title:     Iris Govea et al. v. Gruma Corporation

Plaintiffs to believe that the Tortillas were made in Mexico.  Such allegations suffice to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotation marks omitted) (explaining the purpose behind Rule 9(b)'s heightened pleading standard).

Accordingly, the Motion as to Rule 9(b) is **DENIED**.

### C.     CLRA Pre-Suit Notice

Gruma contends that Plaintiffs are barred from pursuing monetary relief under the CLRA because the pre-suit notice sent to Gruma (the "Notice Letter") failed to identify the alleged violations of the CLRA or Plaintiffs' desired remedies.  (Motion at 25-26) (citing Declaration of Nicole L. Williams ("Williams Decl."), Ex. B-3 (Docket No. 36-9)).

This argument fails.  The Notice Letter clearly satisfies the provisions of California Civil Code section 1782(a):  It (1) notified Gruma of the "particular alleged violations" of the CLRA, and (2) demanded that Gruma "correct, repair, refund, and otherwise rectify" those violations.  (*Id.*, Ex. B-3 at 2 (citing Cal. Civ. Code § 1782(a)).

Accordingly, the Motion as to pre-suit notice under the CLRA is **DENIED**.

### D.     Standing

Gruma asserts that Plaintiffs lack standing to pursue injunctive relief because Plaintiffs now understand that the Tortillas are made in the U.S. and have expressed no intent to purchase the Tortillas again unless they are in fact made in Mexico.  (Motion at 27).  This argument is foreclosed by existing Ninth Circuit precedent.

"[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (holding that plaintiff had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

Case No. CV 20-8585-MWF (JCx)         Date: August 18, 2021

Title:      Iris Govea et al. v. Gruma Corporation

standing to seek injunctive relief where complaint alleged that she regularly visits stores where the product at issue is sold and desires to purchase the product in the future, but is unable to rely on its labeling). For example, "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969-70.

Here, the SAC alleges that Plaintiffs desire to purchase the Tortillas in the future and regularly visit stores that sell the Tortillas, but the allegedly false representations on the Packaging

> leav[es] doubt in their minds as to the possibility in the future that some Products made by Defendant could be made in Mexico. This uncertainty, coupled with their desire to purchase the Products and the fact that they regularly visit stores which sell the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.

(TAC ¶ 11). These allegations are almost identical to the allegations deemed acceptable in *Davidson*. Plaintiffs have stated that they will be unable to rely on representations on the Tortillas' packaging in the future when deciding whether to purchase the Tortillas. 889 F.3d at 972.

Accordingly, Plaintiffs have standing to pursue injunctive relief.

Finally, Defendant argues that Plaintiff Govea lacks standing to seek monetary relief because Defendant offered her a full refund before she filed this action. (Motion at 29). This argument also fails.

It is undisputed that Plaintiff Govea did not accept Defendant's offer. (*Id.*). "[A]n unaccepted settlement offer or offer of judgment does not moot a plaintiff's case[.]" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016); *see also Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 (9th Cir. 2016) ("Under Supreme Court and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-8585-MWF (JCx)          **Date:** August 18, 2021

**Title:**     Iris Govea et al. v. Gruma Corporation

---

Ninth Circuit case law, a claim becomes moot when a plaintiff actually receives complete relief on that claim, not merely when that relief is offered or tendered.").

Accordingly, Plaintiff Govea has standing to pursue her claims.

The Motion with respect to standing is **DENIED**.

### III. CONCLUSION

For the reasons stated above, the Motion is **DENIED**. Gruma shall file its Answer to the TAC on or before **September 3, 2021**.

IT IS SO ORDERED.